## ROCHFORD v. NEW YORK FRUIT AUCTION CORPORATION et al.

District Court, S. D. New York.

June 13, 1940.

I. Saul Fleischman and Irving Coopersmith, both of New York City, (Michael Berman, of New York City, of counsel), for plaintiff.

Harry Weinberger, of New York City (Chester A. Pearlman, of New York City, of counsel), for defendant.

HULBERT, District Judge.

The action is by a trustee in bankruptcy to recover the sum of $430.50.

1. The Ardeeco Produce, Inc. (hereinafter called Ardeeco), was a New York corporation engaged in the business of selling fruits and produce with its principal place of business in the City of New York within the jurisdiction of this Court.

2. The defendant, New York Fruit Auction Corporation (hereinafter called FAC), is also incorporated under the laws of the State of New York and has its principal place of business within the jurisdiction of this Court.

3. During the month of October, 1938, Ardeeco sustained a loss of approximately $4,200 on a consignment of tomatoes and during the month of November, 1938, sustained a further loss of approximately one half that amount. There was also a further loss during the month of December, 1938, the amount of which was not disclosed.

4. During a period prior to January 1, 1939, Ardeeco had purchased merchandise from FAC upon which the balance due on that date was approximately $1,895.61. On or about Oct. 28, 1938, Ardeeco had furnished a financial statement to FAC. On Jan. 3, 1939, Ardeeco made a payment of $266 to FAC on the existing indebtedness and FAC sold and delivered additional merchandise in the amount of $607.-75; on Jan. 4, 1939, there was an additional sale amounting to $93 making a total of $700.75. In making such sales FAC relied upon the financial statement of Oct. 28, 1938, and made no inquiry with respect to the subsequent financial condition of Ardeeco.

5. On the morning of Jan. 5, 1939, the officers of Ardeeco, realizing its in-

ability to continue in business without effecting some arrangement with its creditors, notified them that a meeting would be held on Jan. 9, 1939, for such purpose. FAC received such notice on Jan. 5, 1939, and on that day took from the premises of Ardeeco a portion of the merchandise sold and delivered on the two previous days to the amount of $430.50.

6. At the time of taking back of such merchandise, Ardeeco was insolvent, to the knowledge of FAC, both under the National Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and the Debtor and Creditor Law of the State of New York, Consol. Laws, c. 12, and such insolvency existed on Jan. 2, 3 and 4, 1939.

7. On or about Jan. 12, 1939, certain creditors of Ardeeco filed an involuntary petition in bankruptcy in this Court and an order of adjudication was thereafter made, a referee was appointed, and at the first meeting of creditors the plaintiff was appointed trustee and duly qualified and has since been acting as such.

8. The bankrupt estate in the hands of the trustee at the present time amounts to $4,027.05, and the claims filed in this proceeding are: Tax claims $1,678.09 and general claims $12,346.91, including that of FAC for $1,889.96.

9. The plaintiff alleges two causes of action. The first is based upon the provisions of Section 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b,[1] and the second upon Section 15 of the Stock Corporation Law of the State of New York, Consol.Laws, c. 59[2]. The action has been discontinued as against all defendants except FAC.

10. FAC's defenses are:

(a) That the merchandise, the value of which the plaintiff seeks to recover, was purchased through fraud on the part of the bankrupt, with no intention of paying for same, and

(b) That title never passed.

11. FAC offered testimony that the bankrupt agreed to give checks at the time of such purchase in January, 1939, but never did so.

My conclusion is that the proof in the case falls far short of establishing any fraud; the relation was clearly that of debtor and creditor; title to the merchandise did pass, and the plaintiff is entitled to judgment.

If these findings are not deemed adequate, plaintiff may present suggested findings of fact and conclusions of law, serving a copy, with notice of time of presentation upon the attorney for FAC, who will then have an opportunity to submit any objections thereto in writing.

---

[1] Sec. 60, sub. b. "Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Where the preference is voidable, the trustee may recover the property or, if it has been converted, its value from any person who has received or converted such property, except a bona-fide purchaser from or lienor of the debtor's transferee for a present fair equivalent value."

[2] "§ 15. * * * No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except as to any rights or interests which may be acquired thereunder by any person without notice or reasonable cause to believe that such conveyance, assignment, transfer, payment, judgment, lien or security would effect a preference, and except also that laborers' wages for services shall be preferred claims and be entitled to payment before any other creditors out of the corporation assets in excess of valid prior liens or incumbrances. No corporation formed under or subject to the banking, insurance or railroad law shall make any assignment in contemplation of insolvency. Every person receiving by means of any such prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders or other trustees."